# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:14-CR-237-T-24TBM |
| v. | USM NUMBER: 60875-018 |
| CHRISTOPHER WILLIAMS | |
| | Defendant's Attorney: Geoffrey R. Cox, CJA |
| THE DEFENDANT: | |

X  pleaded **Guilty** to Count 1 of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1341 and 2 | Mail Fraud | June 8, 2009 | One |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_  The defendant has been found not guilty on count(s)
X  Counts Two through Nine of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 26, 2014

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
SENIOR UNITED STATES DISTRICT JUDGE
DATE: November 26, 2014

AO 245B (Rev 06/05) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: CHRISTOPHER WILLIAMS | Judgment - Page 2 of 6 |
| Case No.: 8:14-CR-237-T-24TBM | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWENTY-ONE (21) MONTHS**.

__ The court makes the following recommendations to the Bureau of Prisons:


__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

  __ at __ a.m./p.m. on __.
  __ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  __ before 2 p.m. on __.
  _X_ as notified by the United States Marshal, but not before January 5, 2015.
  __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

  Defendant delivered on _____ to _____
at_____, with a certified copy of this judgment.

                                              _____
                                              United States Marshal

                                        By:_____
                                              Deputy Marshal

Defendant: CHRISTOPHER WILLIAMS  Judgment - Page 3 of 6
Case No.: 8:14-CR-237-T-24TBM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

X    The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release

| | |
|---|---|
| Defendant: CHRISTOPHER WILLIAMS | Judgment - Page 4 of 6 |
| Case No.: 8:14-CR-237-T-24TBM | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall provide the probation officer access to any requested financial information.

X     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

Defendant: CHRISTOPHER WILLIAMS  
Case No.: 8:14-CR-237-T-24TBM  
Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

6. The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | $301,980.62 |

\_ The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

\_ If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Dell, Inc.<br>Payable to the:<br>Clerk of U.S. District Court<br>c/o Debt Collection<br>401 West Central Blvd.<br>Orlando, Florida 32801<br>(For distribution of victims) | $301,980.62 | $301,980.62 | |
| **Totals:** | $301,980.62 | $301,980.62 | |

\_ Restitution amount ordered pursuant to plea agreement $ _____.

\_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

**X** The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   **X** the interest requirement is waived for the \_\_\_ fine **X** restitution.

   \_ the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:     CHRISTOPHER WILLIAMS                                         Judgment - Page  6  of  6
Case No.:      8:14-CR-237-T-24TBM

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   X    Special Assessment payment of $100.00 due immediately.

          __ not later than _____, or

          __ in accordance __ C, __ D, __ E or __ F below; or

B.   __   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.   __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.   __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   __   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.   X    Special instructions regarding the payment of criminal monetary penalties:

While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of **$200.00 per month**, and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim, or the government that there has been a material change in his ability to pay.

**\*The Defendant shall be given credit for the amount of restitution paid on the Hillsborough County, Florida, State Case, Grand Theft, Case Number 10CF15803.**

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   _    Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

   _    The defendant shall pay the cost of prosecution.

   _    The defendant shall pay the following court cost(s):

   X    The defendant shall forfeit the defendant's interest in the following property to the United States: **A money judgment in the amount of $301,980.62.**
        **[SEE ATTACHED FORFEITURE MONEY JUDGEMENT]**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-cr-237-T-2TBM

CHRISTOPHER WILLIAMS

**FORFEITURE MONEY JUDGMENT**

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States moves for a forfeiture money judgment against defendant Christopher Williams in the amount of $301,980.62, representing the amount of proceeds he obtained as a result of the mail fraud scheme charged in Count One of the Indictment.

Williams pleaded and was adjudged guilty of the mail fraud scheme, in violation of 18 U.S.C. § 1341. Under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), the United States is entitled to the entire proceeds of the mail fraud scheme.

Being fully advised in the premises, the Court hereby finds that as a result of the mail fraud scheme for which he has been convicted in Count One, Christopher Williams obtained proceeds in the amount of $301,980.62. Thus, the United States is entitled to a forfeiture money judgment in this amount pursuant to Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

The Court further finds that the United States is entitled, under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to forfeit any property

belonging to the defendant as a substitute asset in satisfaction of his money judgment.

Accordingly, it is **ORDERED** that the United States' motion is GRANTED.

It is further ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), defendant Christopher Williams is liable to the United States of America for a forfeiture money judgment in the amount of $301,980.62, representing the amount of proceeds he obtained as a result of the offense charged in Count One of the Indictment.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of any property belonging to the defendant that the government may seek, up to and including the value of the money judgment, and to address any third party claim that may be asserted.

**ORDERED** in Tampa, Florida, on October 22, 2014.

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties of Record

2